UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GRADUATE LABOR ORGANIZATION, RIFT-AFT, LOCAL 6516, <br><br> Plaintiff, <br><br> v. <br><br> BROWN UNIVERSITY, <br><br> Defendant. | C.A. No. 1:23-cv-00461-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Graduate Labor Organization, RIFT-AFT, Local 6516 ("the Union") and the defendant, Brown University ("the University"), are parties to a collective bargaining agreement ("CBA"). Pursuant to Article I of the CBA, the Union is the "sole and exclusive collective bargaining unit representative for wages, hours, and terms and conditions of employment for all Graduate Student Employees." (ECF No. 5-1 at 3.) The CBA further provides that "[w]hen the term "Graduate Student Employee" is used in this Agreement, it shall refer to a member of the bargaining unit as defined in [Article I]." *Id.* at 4. Those included within the bargaining unit, Article I of the CBA defines, are certain Ph.D. students, Masters students, and Graduate Student Employees. *Id.* at 3. The CBA explicitly excludes several categories of students including "graduate students receiving fellowship stipend support…." *Id.*

1

Article VIII of the CBA set forth the parties' agreement on bargaining unit members' academic year and summer stipends for fiscal years 2020 and 2021. *Id.* at 5. Additionally, it authorized the parties to negotiate stipends for the third and fourth years of the CBA (2023 and 2024). *Id.* Together with stipends, the University also pays "top-ups" which are higher rates paid in specific departments so that the University can remain competitive with other institutions. (ECF No. 1 ¶ 7.)

The parties negotiated an increase in the stipend for the third year (2023), but certain University departments announced that the top-ups would be reduced to fund the stipend increase. *Id.* ¶¶ 8-10. This caused a dispute, which the Union submitted to arbitration under the terms of the CBA. *Id.* ¶¶ 13-16. The parties' arbitral submission was as follows:

> Did the employer violate Article VIII of the collective bargaining agreement?
>
> If so, what shall be the remedy?
> *Id.* ¶ 17.

The arbitrator issued an award for the Union, determining that the University violated the CBA when it reduced the top-up enhancements to fund the increased stipends negotiated by the parties. *Id.* ¶ 21. Specifically, the arbitrator found:

> The students covered by this agreement did not receive less than the negotiated stipend and virtually all bargaining unit members earned more after the last negotiated stipend increase. However, some of these students did not receive the full benefit of the increase in stipend when other money they had been promised were cut to fund the stipend. This violates Article VIII of the contract by not giving the bargaining unit members the full benefit of the negotiated increase.
> (ECF No. 1-1 at 12.)

2

As such, the arbitrator concluded, the "University did violate Article VIII of the collective bargaining agreement" and ordered that "[t]hose students affected by the decrease in their enhancements in the 2022-2023 year … be made whole." *Id.* at 14.

Following the issuance of the award, the University paid back pay to second- and third-year students, including students on fellowship outside the bargaining unit, but not to first year students. (ECF No. 1 ¶ 24.) The Union's position was that first-year students were also entitled to the remedy and therefore invoked the arbitrator's reservation of jurisdiction to resolve the dispute. *Id.* ¶¶ 24-25.

The parties submitted supplemental briefing to arbitrator. The parties stipulated that "[p]ursuant to the Award, the University paid backpay to students who were notified that their enhancement would be reduced, including students not in the bargaining unit." (ECF No. 5-2 at 4.) The University contended that first-year students were not enrolled before the 2022-2023 year and thus could not have had their enhancements reduced. (ECF No. 1-2 at 7.) The arbitrator found, however, that these first-year students

> were members of the bargaining unit during the 2022-2023 academic year no less than the second and third members. Thus, they did not receive the full benefit of the negotiated stipend in that year when the University reduced the enhancements to fund the increase in the stipend.
> *Id.* at 8.

The arbitrator's conclusion and supplemental award was as follows:

> The award in Arbitration Award 01-22-0002-8604 applies to student[s] who were in their first year as GSE in 2022-2023. Those students shall be made whole.
> *Id.* at 9.

3

The arbitrator did not reserve jurisdiction to resolve further disputes.

Following the supplemental award, the University paid backpay to first-year students except for first-year students on fellowship, because they were not members of the Union.

The Union, under the Labor-Management Relations (Taft-Hartley) Act ("LMRA"), 29 U.S.C. § 185 and the State Labor Relations Act, R.I.G.L. § 28-9-1 *et seq.*, filed a Petition in this Court to enforce the award and supplemental award, which it interprets to include first-year students on fellowship. (ECF No. 1.) The University moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Union lacks standing to bring suit for employees outside the bargaining unit, who the University contends were not included in the arbitrator's award. (ECF No. 5.)

The root of this dispute is the parties' differing interpretations of the arbitrator's award and supplemental award. The Union's position is that the award included all students, even non-union students, and that because the arbitral submission was broad enough to include non-members of the bargaining unit, the University cannot now change that result. Specifically, the Union argues that the award extended "unambiguously and without limitation" to "students." This assertion arises from the arbitrator's award where she held that "[t]hose students affected by the decrease in their enhancements in the 2022-2023 year shall be made whole." This statement, read in isolation would indicate that all students, including those outside the bargaining unit, must be paid according to the award if they were

4

affected by the decrease. But this view does not take into consideration the entirety of the arbitral submission, the arbitrator's decision, the award, and the supplemental award.

To start, the arbitral submission first asked whether "the employer violate[d] Article VIII of the collective bargaining agreement" and then, if so, asked "what shall be the remedy." In her decision, the arbitrator found that

> The *students covered by this agreement* did not receive less than the negotiated stipend and virtually all *bargaining unit members* earned more after the last negotiated stipend increase. However, some of *these students* did not receive the full benefit of the increase in the stipend when other money they had been promised were cut to fund the stipend. This violates *Article VIII of the contract* by not giving the *bargaining unit members* the full benefit of the negotiated increase. (Emphasis added.)

Following that conclusion, her award—when read in its entirety—provides that "[t]he University did violate Article VIII of the collective bargaining agreement." And, as such, "[t]hose students affected by the decrease in their enhancements in the 2022-2023 year shall be made whole."

It is clear to the Court that the award applied only to bargaining unit members. And considering the supplemental award only buttresses this conclusion. In briefing the arbitrator for this second dispute, the parties provided stipulated facts, one of which was that the "Union represents a bargaining unit of graduate student employees ["GSE"] at the University." (ECF No. 5-1 at 3) (brackets in original). This was consistent with the CBA which provided that "[w]hen the term 'Graduate Student Employee" is used in this Agreement, it shall refer to a member of the bargaining unit as defined in this Article." *See Verizon New Eng., Inc. v. IBEW*, 651

F.3d 176, 183 (1st Cir. 2011) ("Judicial review of an arbitrator's decision requires the court to consider both the CBA and the arbitral submission."). It is clear that the parties intended the phrase Graduate Student Employees, or GSE, to refer to bargaining unit members. The arbitrator restricted her supplemental award to GSE: "The award in Arbitration 01-22-0002-8604 applies to student[s] who were in their first year *as GSE* in 2022-2023. *Those students* shall be made whole." (ECF No. 1-2 at 9) (emphasis added).

Finding that the arbitrator's award and supplemental award plainly applied only to bargaining unit members, the Union's Petition would impermissibly expand the awards' scope. Because the University compensated the first-year students who were members of the bargaining unit after the supplemental award, it has complied with that award.

There are two other points to address. First, the Union argues that the University waived any argument that the supplemental award did not include first-year students outside the bargaining unit because it paid backpay to second- and third-year students on fellowship, stipulated that it had made payments under the award also to those students, and did not raise this issue at arbitration.[1] But because neither the award nor supplemental award encompassed non-bargaining unit members, the University would not have been in a position to waive something not required by the award. The University is instead disputing the Union's

---

[1] The University did, however, in its briefing to the arbitrator in advance of the supplemental award, set forth its position that students on fellowship are not subject to the collective bargaining unit. (ECF No. 5-2 at 7-8.)

interpretation, set forth in its Petition to this Court, that the award includes individual employees outside the bargaining unit.

Secondly, the Union raises the issue of the University's compensating some non-union members: second- and third-year students on fellowship. But because the arbitrator's award does not include these students, the University's additional payment to them was a management decision concerning individual employees that the Union does not represent; it therefore cannot challenge that decision.

The Court therefore agrees that the Union lacks standing to seek to enforce the award for employees excluded from the bargaining unit and outside the arbitration award. *See* 29 U.S.C. § 185(b) (allowing labor organizations to "sue or be sued as an entity and in behalf of the employees whom it represents").

For the foregoing reasons, the Court DENIES the Union's Petition to Confirm and Enforce Arbitration Award (ECF No. 1) and GRANTS the University's Motion to Dismiss (ECF No. 5).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 20, 2024